JUDGE DAVID GUADERRAMA

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION



| | |
|---|---|
| YAZMIN GONZALEZ, | § |
| Plaintiff, | § |
| v. | § |
| STONE LAW PLLC a Texas Professional Limited Liability Company and SLATER SLATER SCHULMAN LLP a New York Limited Liability Partnership | § |
| Defendant. | § |

EP23CV0251

## COMPLAINT

Pro Se Plaintiff Yazmin Gonzalez files this Complaint against Defendants Stone Law PLLC and Slater Slater Schulman LLP for violations of (1) the federal Telephone Consumer Protection Act ("TCPA") and its regulations and (2) the Texas Business and Commerce Code ("TBCC") law governing telephone solicitation, alleging as follows:

### INTRODUCTION

1. Beginning in May 2023, Plaintiff began to receive a barrage of illegal telemarketing calls made on behalf of Defendants Stone Law PLLC (Stone Law) and Slater Slater Schulman LLP (SSS) by an unknown anonymous telemarketer soliciting Camp Lejeune legal representation.

2. Plaintiff seeks redress under the TCPA and TBCC, demanding that the calls stop.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I, and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

1

*See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4.       The Court has supplemental jurisdiction over Counts III under 28 U.S.C § 1367.

5.       This Court has general personal jurisdiction over Stone Law because Stone Law is a Texas Professional Limited Liability Company.

6.       This Court has specific personal jurisdiction over SSS because Defendant SSS purposefully availed themselves to the State of Texas and to this District, and there is a sufficient relationship between SSS's purposeful contacts with Texas and the litigation:

   a) Defendant SSS targets Texas when marketing small business loans and regularly conducts business in this District, including telephone solicitation.

   b) Its agent John Doe Telemarketer, called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Stone Law and SSS legal services.

   c) These calls to Texas Plaintiff injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

   d) Defendant SSS represents Texas residents in private litigation matters.

   e) Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES AND OTHER ENTITIES

7.       Plaintiff YAZMIN GONZALEZ is a natural person domiciled in Texas who received the incessant and intrusive calls made on behalf of Defendant to market small business loans via a merchant cash advance.

2

8. Defendant STONE LAW PLLC ("Stone Law") is a professional limited liability company law firm organized and existing under the laws of Texas and can be served via registered agent Lauren E. Stone at 10100 N Central Expy, Suite 230, Dallas, TX 75231.

9. Defendants SLATER SLATER SCHULMAN LLP ("SSS") is a limited liability partnership law firm organized and existing under the laws of New York and can be served via registered agent The Partnership at 445 Broad Hollow Road, Suite 419, Melville, New York 11747.

10. Non-named Party JOHN DOE is an unknown anonymous telemarketer that made phone calls on behalf of and at the direction of Stone Law and SSS in exchange for financial considerations.

## FACTUAL ALLEGATIONS

11. The TCPA was enacted to protect consumers' privacy interests by prohibiting unwanted, repetitive, and invasive telephone solicitations.

12. Plaintiff successfully registered her phone number ending in -1859 on the National Do-Not-Call Registry ("DNC") in March 2022.

13. Stone Law and SSS are law firms that market their legals services for "Camp Lejeune water contamination settlement."

14. Stone Law and SSS hired anonymous John Doe telemarketer(s) to place telephone solicitation phone calls because Stone Law and SSS are barred by ethics from directly placing unsolicited phone calls on their own behalf.

15. On June 6, 2023, Plaintiff searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/telephonesearch.asp and did not find a valid Texas telephone solicitation registration for Defendants Stone Law and SSS.

16.     Plaintiff is the subscriber to a cellular telephone service for this phone number, uses the phone for residential purposes, and does not use the telephone for any business purposes.

17.     Defendants used a series of phone numbers to call Plaintiff. Some of the phone numbers used 915 area codes in order to make it seem as though the call was local. This spoofed caller identification is a purposeful violation of the Truth in Caller ID Act of 2009.

18.     On or about May 1, 2023, Plaintiff began receiving such calls on behalf of Defendants to her El Paso-area cellular telephone number ending in -1859.

19.     Plaintiff answered calls 1-4, the telemarketer behind the call was soliciting for Camp Lejeune representation. On call number #2 Plaintiff stated she was not interested and disconnected the call.

20.     Surprisingly the calls did not stop. On May 16, 2023, Plaintiff received call number 5. It was the same telemarketer soliciting representation for Camp Lejeune representation.

21.     Plaintiff was frustrated and aggravated by the unauthorized calls so Plaintiff continued with the call to obtain the identity of the law firm behind the unsolicited phone calls.

22.     The telemarketer asked Plaintiff pre-qualifying questions and then life transferred Plaintiff to an agent named "Tom." Agent Tom did a second review of the prequalifying questions.

23.     Plaintiff, while still on the phone call in paragraph 20, was sent an email from Agent Tom, Thomas.caseinfo@gmail.com, containing a retainer from Defendants Stone Law and SSS legal services. Agent Tom informed Plaintiff she needed to sign the retainer in order for the law firm to call Plaintiff.

24. Defendants instruct their John Doe telemarketers to identify themselves as "Injury Claim services for Camp Lejeune water contamination settlement to conceal the true identity of the law firms they are calling on behalf of.

25. Plaintiff received at least 6 telephone calls on behalf of Defendants Stone Law and SSS from a number of various spoofed phone numbers.

26. TABLE A below displays calls made to phone number ending in -1859 made to Plaintiff TABLE A:

| **Number:** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| 1. | 05/01/2023 | 5:28 pm | 360-447-9965 | Telemarketer soliciting |
| 2. | 05/03/2023 | 9:08 am | 915-821-1366 | Telemarketer soliciting. Plaintiff stated she was not interested |
| 3. | 05/03/2023 | 10:09 am | 915-821-1544 | Telemarketer soliciting |
| 4. | 05/03/2023 | 10:10 am | 915-821-1693 | Telemarketer soliciting |
| 5. | 05/16/2023 | 11:44 am | 360-447-9968 | Telemarketer life transferred to agent Tom who sent retainer |
| 6. | 05/16/2023 | 2:59 pm | 915-229-8262 | Telemarketer soliciting |

27. Plaintiff did not have an established business relationship with Defendants, nor did Plaintiff consent to any of these calls.

28. Plaintiff did not provide her phone number to Defendants at any point.

29. Defendant's placement of multiple calls within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC Registry since March 2022, violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

30. Defendants' violations described in paragraphs 18-26 were knowing and willful because STONE LAW and SSS had "reason to know, or should have known, that [its] conduct would

5

violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001). Bad faith is not required.

31. STONE LAW and SSS knew or should have known that their conduct would violate the TCPA and its regulations because STONE LAW and SSS operate in a highly regulated telephone solicitation industry.

32. STONE LAW and SSS knew or should have known the requirements for making TCPA-compliant telemarketing calls and thus knew or should have known that the calls complained of herein violate the TCPA and its regulations.

## VICARIOUS LIABILITY OF STONE LAW AND SSS FOR JOHN DOE'S TCPA VIOLATIONS

33. STONE LAW and SSS are "vicariously liable" under federal common law principles of agency for TCPA violations committed by third-party telemarketers," such as John Doe. In re Joint Pet. filed by Dish Network, LLC, 28 F.C.C.R. 6574, 6582 (2013).

34. STONE LAW and SSS market legal representation through direct telephone solicitation by its hired John Doe telemarketers, who act on its behalf. John Doe transfers live, hot leads to STONE LAW and SSS, and STONE LAW and SSS accept the leads. John Doe was STONE LAW and SSS's agent when it made the prohibited calls on behalf of and with the actual authority from, John Doe pursuant to a contract that governs John Doe's telemarketing for STONE LAW and SSS.

35. STONE LAW and SSS direct, control, authorize, and pay John Doe to generate live-transfer leads for Defendant's legal services through telephone solicitation. Moreover, it requires, authorizes, or at least permits John Doe telemarketers to solicit explicitly for Camp Lejeune representation.

6

36. STONE LAW and SSS sets the criteria for qualifying leads, which John Doe must follow, and John Doe live-transfers leads qualified on those criteria exclusively to STONE LAW and SSS. Plaintiff is unaware of the qualifying thresholds, but the salient question is whether the potential client was stationed at Camp Lejeune when they were stationed at Camp Lejeune, and whether there was some type of cancer or physical impairment that manifested as a result of the Camp Lejeune stay.

37. On information and belief, STONE LAW and SSS wrote or at least approved the call script John Doe telemarketers use when qualifying leads for STONE LAW and SSS.

38. John Doe telemarketers are STONE LAW and SSS's associates and do nothing to disturb the impression that John Doe telemarketers work for, and speak and act on behalf of, STONE LAW and SSS.

39. From John Doe telemarketer's initial call through Defendant STONE LAW and SSS's acceptance of a completed representation application, the telemarketing of STONE LAW and SSS's legal representation constitutes a singular, coordinated marketing effort devised, authorized, directed, and controlled by STONE LAW and SSS, the principal, with John Doe acting as STONE LAW and SSS's agent.

40. John Doe, acting with actual authority, made the prohibited calls, qualified Plaintiff according to STONE LAW and SSS's criteria, and then live-transferred Plaintiff to STONE LAW and SSS's advisor to continue marketing legal representation.

**COUNT I – DNC Violations**
**Violation of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)**
**(Against All Defendants)**

41. Plaintiff incorporates by reference each and every paragraph of this complaint as if fully set forth herein.

42. The TCPA prohibits telephone solicitation of residential telephone subscribers whose numbers are registered on the National Do-Not-Call Registry, 47 U.S.C. § 227(c)(5).

43. Even though Plaintiff's number has been registered on the National DNC Registry since March 2022, STONE LAW and SSS made unsolicited telephone solicitations to Plaintiff's residential telephone line, without Plaintiff's consent, and thereby violated 47 U.S.C § 227(c) and 47 C.F.R. § 64.1200(c) (the "DNC Violations").

44. Plaintiff suffered the following injuries from each and every ATDS Violation: invasion of privacy; intrusion on Plaintiff's right of seclusion; occupation of Plaintiff's telephone line by unwelcome calls, rendering the phone unavailable for legitimate calls; inconvenience; loss of usefulness of Plaintiff's phone; unnecessary expenditure of Plaintiff's phone's battery power; degradation of the battery; and trespass to Plaintiff's chattel, namely her cellular telephone.

45. Under § 227(c)(5), Plaintiff is entitled to receive up to $500 in damages for each violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Because the violations were knowing and willful, *see* Paragraphs 31-33, the Court may award up to $1500 per violation.

46. Accordingly, Plaintiff seeks and order under Section 227(c)(5) awarding $1500 for each DNC Violation.

### COUNT II
### Violation of Tex. Bus. Org & Com. Code § 302.101
### (Against All Defendants)

47. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

48. In addition to the harm of illegal telephone solicitations, Texas law recognizes the difficulty of holding businesses that make them accountable.

49. To address that problem, Texas law requires "sellers" engaged in telemarketing to register with the state and provide the public the information necessary to hold a seller accountable: the seller's legal name, any assumed names, any organizational documents, the address for the principal place of business, each phone number used in telemarketing, names of officers and directors, and the name and address of the agent for service of process. Tex. Bus. & Com. Code § 302.001. *et. seq.*

50. The registration requirements reflect an important public policy of Texas: to "protect persons against false, misleading, or deceptive trade practices in the telephone solicitation business." *Id.* § 302.003. The law must be "liberally construed and applied to promote [that] purpose." *Id.* Moreover, sellers must post financial security to ensure their compliance, and an "attempted waiver of a provision of this chapter is void." *Id.* §§ 302.004, 302.107.

51. Chapter 302 defines a "seller" as a "person who makes a telephone solicitation on the person's own behalf." Id. § 302.001(5), A "telephone solicitation" is "a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." *Id.* § 302.001(7). "Item," in turn, means "property or a service." *Id.* § 302.001(1). Legal services through a law firm are a service. *Id.* § 302.001(1).

52. STONE LAW and SSS are a "seller" because it makes telephone solicitations on their own behalf through salespersons, including both (a) those it "employ[s]" – such as "Tom" and "Sandy" and those it 'authorize[s] – such as third party telemarketers. Id. § 302.001(4)-(5). The "items" it induces purchasers to receive are legal services. And the called parties are "purchasers" because they pay for those legal services. Id. § 302.001(3).

53. STONE LAW and SSS engaged in "telephone solicitation" because they initiate telephone calls to induce consumers to enroll in their legal services Id. § 302.001(1), (3), (7).

9

54. Because "a person makes a telephone solicitation if the person effects at attempts to effect a telephone solicitation," telephone calls initiated by "Tom" and "Sandy" are attributable both to them individually and to STONE LAW AND SSS. *See Id.* § 302 (emphasis added).

55. Texas law requires those whose products or services are offered through telephone solicitation from or to a location located in Texas to provide information about their telemarketing activities and obtain a registration certificate from the State. Tex. Bus. & Com. Code § 302.101. The purpose of the requirement is to "protect persons against false, misleading, or deceptive practices in the telephone solicitation business." *Id.* at 302.003. STONE LAW and SSS affected the solicitations because they brought about and made them happen by employing or authorizing these salespersons to make the telephone solicitations and paying them to do so. *See* Effect, Black's Law Dictionary (11th ed. 2019) ("To bring about; to make happen.").

56. Because the telephone solicitations were made to Plaintiff, a "purchaser located in this state" of Texas, STONE LAW and SSS were obligated to comply with the registration and related requirements of Texas Business & Commerce Code § 302.001, *et seq.*

57. Defendant failed to comply, committing numerous independent violations of Texas law, including at least the following:

   a) Failure to obtain a certificate of registration for the business locations(s) from which each of the telephone solicitations was made;

   b) Failure to post the registration certificate in a conspicuous place at each such location;

   c) Failure to post in close proximity to the registration certificate the name of each individual in charge of the location;

    d) Failure to file an addenda providing the required registration information for each salesperson;

    e) Failure to make available at each location a copy of the entire registration statement and any addenda for inspection by a purchaser or by a representative of a government agency; and

    f) Failure to post a $10,000 bond, letter of credit, or certificate of deposit to secure Defendant's compliance with Chapter 302.

    g) Failure to appoint Texas' Secretary of State agent for service of process.

    h) Failure to provide the complete street address of both (i) the location from which each solicitation was made and (ii) Defendant's principal location.

58. Each solicitation is a separate violation for which STONE LAW and SSS are subject to a penalty up to $5,000. *Id.* § 302.101, 302.302(a).

59. Defendants' violations of Chapter 302 harmed Plaintiff because she had to spend hours tracking down information that should have been publicly available. To this day, Plaintiff does not have sufficient information about the John Doe Telemarketer STONE LAW and SSS hired, the locations from which the calls were made, and the persons responsible for them.

60. Plaintiff seeks to recover from Defendant "a civil penalty of not more than $5,000 *for each violation.*"

61. Plaintiff is further "entitled to recover all reasonable costs prosecuting this action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

11

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.      An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $1500 per call in statutory damages arising from the TCPA § 227(c) intentional violations jointly and severally against the corporation for 6 calls;

E.      An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101;

F.      An award to Ms. Gonzalez of damages, as allowed by law under the TCPA;

G.      An award to Ms. Gonzalez of interest, costs, and attorneys' fees, as allowed by law and equity;

H.      Such further relief as the Court deems necessary, just, and proper.

Dated: June 30, 2023,                                      Respectfully submitted,

Yazmin Gonzalez
Plaintiff, Pro Se
14205 Charles Pollock
El Paso, TX 79938
915-820-1859

I.      **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: June 30, 2023,

*[signature]*

Yazmin Gonzalez
Plaintiff, Pro Se
14205 Charles Pollock
El Paso, TX 79938
915-820-1859